UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY ANNE HODGES,<br><br>    Plaintiff,<br><br>    v.<br><br>IN SHAPE HEALTH CLUBS, LLC, a limited liability company,<br><br>    Defendant. | No. 2:17-cv-01274-JAM-DB<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT** |

This matter comes before the Court upon Tiffany Anne Hodges's ("Plaintiff" or "Hodges") Motion to Remand and for Leave to Amend. Mot. & Mem., ECF Nos. 8-9. In Shape Health Clubs ("Defendant" or "In Shape") opposes Hodges's motions. Opp'n, ECF No. 13. Having reviewed the parties' briefs and applicable law, the Court GRANTS Hodges Leave to Amend and takes her Motion for Remand under submission.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for September 19, 2017.

1

## I. BACKGROUND

On February 15, 2017, Hodges filed a complaint in San Joaquin County Superior Court against her former employer, In Shape, alleging race discrimination and retaliation. Compl., ECF No. 2. Hodges pleaded two causes of action, both under Title VII of the Civil Rights Act of 1964. Id. On June 21, 2017, In Shape filed a notice of removal, invoking the Court's federal question jurisdiction under 28 U.S.C. §§ 1331 and 1337(a). Notice of Removal, ECF No. 2. A week later, In Shape filed a Rule 12(b)(6) Motion to Dismiss. Mot. Dismiss, ECF No. 7. The following month, Hodges filed a joint Motion to Remand and to "Correct Pleading under (FRCP 15(1)(b)(1)." Mem., ECF No. 9.

The Court dismissed In Shape's Motion without prejudice for failure to comply with the Court's Meet and Confer Requirements. Min. Order, ECF No. 15. Accordingly, the Court considers only Hodges's Motion.

## II. OPINION

A. Legal Standard

    1. Removal

As courts of limited jurisdiction, federal courts possess only that jurisdiction authorized by either the Constitution or federal statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause

of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 13 (1983). A civil action may be removed to a federal district court only if the court has original jurisdiction over the issues alleged in the state court complaint. 28 U.S.C. § 1441(a).

To determine whether removal is proper, a court should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. The removing party must show removal is proper. See id. "[T]he court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

2.   Amendment

Federal Rule of Civil Procedure 15 provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>    (A) 21 days after serving it, or
>    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2).

Whether to grant or deny leave to amend lies within the

3

district court's discretion, although leave to amend "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)); see also Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) ("In general, a court should liberally allow a party to amend its pleading.").

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.' " Sonoma Cty., 708 F.3d at 1117 (quoting Foman, 371 U.S. at 182).

### 3. Remand

When assessing federal jurisdiction, a court must analyze the pleadings filed at the time of removal, and not any subsequent amendments. Sparta Surgical Corp. v. National Ass'n of Secs. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998), abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 136 S. Ct. 1562 (2016).

When a plaintiff amends a complaint to eliminate the federal question upon which proper removal was based, the district court has several options. The court may exercise its discretion to retain jurisdiction over state law claims. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The conditions listed in 28 U.S.C. § 1367(c) and "economy, convenience, fairness, and comity" interests guide the inquiry into whether to decline or retain jurisdiction. Id. at 1001.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 1001 (9th Cir. 1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). When relinquishing jurisdiction, the district court must then choose whether to dismiss the remaining claims without prejudice or to remand the case to state court. See Carnegie-Mellon, 484 U.S. at 351–52.

When considering remand, the court may also consider whether a party engaged in manipulative tactics to secure her desired forum. Id. at 357. But amendment to eliminate federal claims after removal is not evidence, in itself, of manipulative tactics. Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995). Although a plaintiff may not "*compel* remand by amending a complaint to eliminate the federal question upon which removal was based," Sparta Surgical, 159 F.3d at 1213 (emphasis added), the Ninth Circuit has called elimination of federal claims after removal a "straight-forward tactical decision." Baddie, 64 F.3d at 491 (finding amendment to omit federal claims after removal "solely in order to obtain remand" did not warrant Rule 11 sanctions).

B. Analysis

1. Defendant Properly Removed Plaintiff's Original Complaint

Here, In Shape properly removed the case because Hodges's claims arose under federal law. It is abundantly clear Hodges's original complaint relied solely on Title VII, which appeared in

5

the heading for each cause of action and on nearly every page. See generally Compl.  No other state or federal acts were mentioned, despite Hodges's counsel's incorrect assertion that California Fair Employment & Housing Act ("FEHA") was referenced along with Title VII.  Compare Compl. with Mot.  Because the Court analyzes federal jurisdiction based on the pleadings filed at time of removal, Sparta Surgical, 159 F.3d at 1213, Hodges's references to Title VII conferred original jurisdiction on this Court and formed a proper basis for removal.

        2.    The Court Grants Plaintiff Leave to Amend the Complaint

Upon being notified by In Shape's Motion to Dismiss that her Title VII claims were time-barred, Hodges sought to "correct" her complaint under "FRCP 15(1)(b)(1)."  Mem. at 1–2. Despite a diligent search, the Court is unable to find any mention of a Rule 15(1)(b)(1) in state or federal law.  Judging from the content of Hodges's pleadings, it appears the intended cite was to Federal Rule of Civil Procedure 15(a)(2), from which a plaintiff may seek leave of court to amend her complaint.

Had Hodges sought to amend two days earlier, on July 19, 2017, she would have fallen within the 21-day window in which she could have amended her complaint as a matter of course.  See Fed. R. Civ. P. 15(a)(1)(B).  Instead, she filed a motion on July 21, 2017 seeking to "correct the pleading by deleting the references to Title VII contained in the Complaint."  ECF No. 9, p. 2.  Omitted from that request is the need to substitute references to state law claims under FEHA, which the original complaint never mentioned.

Perplexingly, Hodges's reply brief focuses on arguing against binding arbitration and alleging that In Shape somehow engaged in forum shopping by properly removing Hodges's Title VII claims to federal court. See ECF No. 17. Had Hodges wanted to bring state law claims and challenge the arbitration agreement's validity, she could have saved time and effort by doing so in her original complaint in San Joaquin County Superior Court. Instead, it appears Hodges's omission of state law claims in her original complaint was an intentional strategy to avoid wrangling with the arbitration agreement. See Valenza Decl., Ex. A, ECF No. 13-2, p. 5 (stating plaintiff "will be filing suit under Title VII (the arbitration agreement is limited to claims arising under state law)").

Hodges's counsel never explains how pleading federal claims was a mistake, rather than a deliberate attempt to avoid arbitration. Mem. at 2 (alleging "references to TITLE VII" were a "mistake in a pleading"). Similarly lacking is any argument as to how the original complaint complied with Rule 11, which requires individuals to perform a reasonable inquiry into whether a party's "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Had Hodges's counsel engaged in such an inquiry, he would have quickly realized the Title VII claims were time-barred when Hodges filed her February 2017 complaint.

While Hodges's counsel's conduct and strategic choices are a source of great concern to this Court, the difficult question

that this Court faces is whether it should punish plaintiff for her counsel's carelessness. The answer surely is no. Hodges should not be denied a chance to pursue her claims based on her counsel's errors.[2]

This case is still at an early stage. Although Hodges filed suit in February 2017, nearly eleven months after receiving her Notice of Right to Sue, she did not serve In Shape until late May 2017. See Compl.; Judicial Req. Notice, Ex. A, ECF No. 7-2. Timely removal occurred in June, followed by In Shape's Motion to Dismiss a week later. See ECF Nos. 2, 7. Hodges moved to amend her complaint within a month of removal, prior to the start of discovery. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) ("A second factor in determining whether the district court properly denied the motion for leave to amend is whether appellants unduly delayed in filing their motion." (emphasis added)); AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006) (denying leave to amend twelve months into litigation); Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (denying leave to amend two months before trial after completion of "voluminous and protracted discovery").

In Shape has not cited any cases where conduct like Hodges's counsel's has qualified as bad faith, resulting in denial of leave to amend. While Hodges's counsel's "mistake" explanation

---

[2] Were Hodges to be denied relief based on her counsel's errors, she would not be entirely without a remedy. Her remedy would, instead, lie in a claim against her counsel for malpractice. Cf. Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir. 2006) (noting, in the context of Rule 60(b)(1), that "an innocent, albeit careless or negligent, attorney mistake" is "more appropriately addressed through malpractice claims.").

is not credible, this conduct does not rise to the level of bad faith.  Further, In Shape has not provided strong evidence that it would suffer undue prejudice from amendment.  See Sonoma Cty., 708 F.3d at 1117 (noting that "[c]ourts may decline to grant leave to amend only if there is strong evidence" of the Foman factors); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("[T]he consideration of prejudice to the opposing party carries the greatest weight.").  Because Rule 15(a) instructs courts to "liberally" grant amendment, the Court finds that allowing Hodges to amend her pleading for the first time is in the interest of justice.  See Fed. R. Civ. P. 15(a); Eminence, 316 F.3d at 1051 (directing that leave to amend shall be given "with extreme liberality.")

Hodges is granted leave to amend her complaint to add state law FEHA claims.  Because her current proposed amended complaint, Proposed Am. Compl., ECF No. 9-3, includes a caption that improperly identifies the San Joaquin County Superior Court, instead of the present court, the Court will grant Hodges ten (10) days in which to file a first amended complaint that includes her state law claims.

            3.    The Court Takes Plaintiff's Motion to Remand Under Submission

Hodges's counsel argues that amending the complaint to substitute state law claims for federal claims revokes the basis for removal.  ECF No 9, p. 5.  This is incorrect.  As referenced above, jurisdiction is based on the pleadings at the time of removal, not after post-removal amendment.  Sparta Surgical, 159 F.3d at 1213.  The Court will retain jurisdiction over Hodges's

state law claims unless it chooses to dismiss or remand them.

Because Hodges has not yet filed a proper amended complaint, the Court takes her Motion to Remand under submission. Once Hodges files her amended complaint, In Shape's Motion to Dismiss, Mot. Dismiss, ECF No. 7, will be vacated as moot. In Shape may either file a responsive pleading to the amended complaint within twenty (20) days after filing, or alternatively, the parties may stipulate to dismissal of the two federal claims with prejudice and stipulate to remand the state law claims.

If In Shape elects to file a motion to dismiss the federal claims, which will likely be granted, the Court will in all likelihood refuse to assume supplemental jurisdiction over the remaining state law claims and remand the case to state court. The parties can, of course, expedite this inevitable outcome by stipulation.

### III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff leave to amend her complaint to include state law FEHA claims. Plaintiff is to file an amended complaint within ten (10) days of this order's filing. Defendant may file a responsive pleading or the parties may file a stipulation within twenty (20) days of the amended complaint's filing consistent with the Court's recommendation.

///

///

///

The Court takes Plaintiff's motion to remand under submission.

IT IS SO ORDERED.

Dated: October 2, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE